UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
UNITED STATES OF AMERICA

              -v-                                       18-CR-572 (JPO)

MINEL ARIAS,                                        ORDER

                              Defendant.
―――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Defendant Minel Arias is serving a sentence of 120 months' imprisonment following his conviction for trafficking significant quantities of fentanyl. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic and his medical conditions. The Government has opposed Defendant's motion. (*See* Dkt. No. 54-56.)

**I.    Legal Standards**

    **A.    Sentence Reduction Under the First Step Act**

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

      A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including where the defendant is "suffering from a serious physical or medical condition . . . that

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute. 976 F.3d at 236. Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The court further explained:

> It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

### B. Exhaustion

The First Step Act also contains an exhaustion requirement. It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## II.   Discussion

On April 7, 2020, Defendant submitted a request for compassionate release to the warden of UPS Canaan, where Defendant is housed. The warden denied the request on June 19, 2020.

Accordingly, Defendant has satisfied the exhaustion requirement of the First Step Act, and Defendant's motion is properly before the Court.

Defendant is a 37-year-old man who claims to suffer from certain health issues. He alleges that he suffers from asthma, although his BOP records do not mention asthma or suggest that he has had any respiratory issues. Nevertheless, because he has a BMI of greater than 34, he is at increased risk of severe illness from COVID-19.

Despite Defendant's health conditions, the Court does not find "extraordinary and compelling reasons" that warrant his release at this time, nor would such early release be justified based on the factors set forth in 18 U.S.C. § 3553(a). For all the reasons addressed at sentencing, Defendant's crime was serious, involving trafficking large amounts of an extraordinarily dangerous drug. He has served less than 20 months of a 120-month sentence — which is the statutory mandatory minimum sentence based on the type and quantity of drug involved. Granting release at this time would fail to serve the statutory purposes of promoting respect for the law, just punishment, reflecting the seriousness of the offense, affording adequate deterrence to criminal conduct, and protecting the public from further crimes.

### III. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and for the appointment of counsel is denied.

The Clerk of Court is directed to close the motion at Docket Number 55.

Counsel for the Government is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: December 21, 2020
　　　　New York, New York

_____
J. PAUL OETKEN
United States District Judge